30 C.C.P.A.(Patents)

### In re SUSSMAN.
### Patent Appeal No. 4800.

Court of Customs and Patent Appeals.

May 3, 1943.

Rehearing Denied July 2, 1943.

716

John P. Chandler, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 22 and 24 to 27, inclusive, in appellant's application for a patent for an alleged invention relating to a pre-tonsorial preparation for application to the skin before shaving.

Claims 22, 26, and 27 are sufficiently illustrative of the appealed claims. They read:

"22. A pre-tonsorial preparation for application to the skin before shaving to impart relative rigidity to the hairs, causing them to uncurl and assume an erect position, during hair removing operation with a mechanical razor and to prevent the flow of blood resulting from possible skin rupture during such operation, and comprising the following ingredients:

| "Paraffine | .25.5 | parts by weight | | |
|---|---|---|---|---|
| "Petrolatum | 10 | " | " | " |
| "Stearic Acid | 30 | " | " | " |
| "Triethanolamine | 5 | " | " | " |
| "Lanolin | 3 | " | " | " |
| "Ichthyol | 1.5 | " | " | " |
| "Castor Oil | 20 | " | " | " " |

"26. A shaving preparation comprising by weight about 35 parts of a carrier consisting essentially of triethanolamine and stearic acid, about 60 parts of a mixture of an oil and a wax, and about 1.5 parts of ichthyol.

"27. A shaving preparation comprising about one part of a carrier material and about two parts of a mixture of oils and waxes and a minor proportion of ichthyol."

The references are:

Sulzberger, 1,744,061, January 21, 1930;
Mack et al., 1,888,601, November 22, 1932;
Harvey, Jr., 1,979,385, November 6, 1934;
Kiernan, 2,032,704, March 3, 1936;
Kritchevsky, 2,164,717, July 4, 1939;
Kroper et al., 2,185,255, January 2, 1940;
Merck's Index, 4th Ed. (1930)—Page 265;
Chistoni—Chemical Abstracts, Vol. 14, page 2953;
Goodman—Cosmetic Dermatology (1936) —Pages 56 and 493;
Manufacturing Chemist, Sept. 1934. Page 290;
Oil, Paint and Drug Reporter, Vol. 126, No. 8, Aug. 20, 1934, Page 41.

It will be observed from the quoted claims that appellant's preparation imparts *relative rigidity* to the hairs, causing them to assume an erect position while shaving with a mechanical razor and also prevents bleeding in case of skin rupture during the shaving operation.

By "mechanical razor" is meant, according to appellant's brief, an "electric razor," a so-called "straight razor," or a "safety razor."

Although appellant's preparation contains soap, it is not, in fact, a soap and, according to appellant's application, does not require the formation of a lather on the surface of the skin.

It is stated in appellant's application that appellant's preparation is in the form of a solid stick; that the preparation is applied to the face in a dry state and forms a thin film where applied; that the *paraffine* in appellant's preparation acts as a carrier of the other ingredients, "supplies the desired consistency and body to the preparation * * *, acts as a hair fixative and, in combination with the other materials, enhances the activity of absorption"; that the *petrolatum, in combination with the paraffine,* acts as a protective film on the skin and as a lubricant, and "also maintains the emulsion with the lanolin, stearic acid and triethanolamine"; that the *stearic acid* aids the preparation "to penetrate the Hartshorn wall of the hair"; that it dissolves the "protective coating" on the hair and opens the pores of the hair structure; that when the pores of the Hartshorn wall of the hair tube are opened, the *lanolin and ichthyol* enter the tube, combine with the "fluid cerotin" contained therein, add bulk thereto, and thus straighten the hair; that the *triethanolamine* acts as a saponifying agent, particularly for the *stearic acid* and the *lanolin* and stabilizes the preparation; that the *lanolin* "acts as a hair stimulant and has an absorptive, protective and regenerative effect on the skin"; and that the *ichthyol* "is highly effective to constrict the capillary blood vessels of the skin of the face and thus prevent bleeding."

The patent to Sulzberger relates to a shaving preparation which, as stated in the patent, may contain mainly soap or only a small amount of soap or be free from soap. The preparation may be a cream. The patentee discloses the use of a styptic or an astringent, such as adrenalin, in his preparation. The purpose of the adrenalin, the patentee states, is to "prevent or stop bleeding, which may be caused accidentally by a cut or by injury to a sensitive skin." The patentee further states that a small amount of adrenalin is sufficient for the purpose, and that other astringents or styptics may be used in small and regulated amounts.

The patent to Mack et al. relates to a shaving preparation in the form of an emulsion. The patentees state that they have discovered that shaving preparations might be improved by avoiding the presence therein of soap and by incorporating certain emollients and other substances having anesthetic properties. The patentees' composition includes, among other things, stearic acid and paraffine.

The patent to Harvey, Jr., relates to a cosmetic preparation in the form of an emulsified cream. The patentee discloses, among other things, the use of stearic acid, lanolin, mineral oil, and triethanolamine in certain proportions in a shaving preparation.

The patent to Kiernan relates to a cosmetic cream, and shows the use therein of stearic acid, triethanolamine, and liquid petrolatum. The patentee states that the amount of triethanolamine in his preparation depends upon the amount of stearic acid used therein.

The patent to Kritchevsky relates to a brushless shaving cream, and discloses the use therein of stearic acid, paraffine, petrolatum, and triethanolamine.

The patent to Kroper et al. relates to shaving preparations or soaps in the form of sticks which, the patentee states, are characterized by possessing styptic or haemostatic properties to stop bleeding in the event the skin is cut.

The reference Merck's Index discloses that ichthyol is mildly antiseptic and is soothing to inflamed mucous membranes upon which, it is stated, it "exerts a Vasoconstrictor Action." It is also stated in that reference that ichthyol is used in certain skin diseases, such as urticaria and acne, where the skin is irritated and eruptions appear.

The reference Chistoni—Chemical Abstracts discloses that ichthyol has anticoagulating action when used in small quantities.

The reference Goodman—Cosmetic Dermatology discloses on page 56 that ichthyol is an astringent, and on page 493 of the reference it is disclosed that stearic acid, triethanolamine, mineral oil, and castor oil are used in brushless shaving creams.

The reference Manufacturing Chemist discloses the use of ichthyol as a valuable ingredient in medicated soaps.

The reference Oil, Paint and Drug Reporter discloses the use of ichthyol as an antiseptic in cosmetic creams and lotions, and that castor oil, lanolin, paraffine, petrolatum, and stearic acid are proper bases for cosmetic creams. The reference also discloses that triethanolamine is an emulsifier for cosmetic creams.

In rejecting the appealed claims, the Primary Examiner stated that since paraffine, petrolatum, stearic acid, triethanolamine, lanolin, and castor oil were all well-known ingredients in shaving preparations, and since it appeared from some of the references of record that it was old to use ichthyol in compositions applied to the skin for medicinal and cosmetic purposes, no invention was involved in combining ichthyol with other old and well-known ingredients in a shaving preparation such as that defined by the appealed claims. The examiner further stated that: "* * * Since applicant's shaving preparation ingredients paraffine, petrolatum, stearic acid, triethanolamine, lanolin, and castor oil are old in shaving preparations of the prior art, these prior art preparations must also have had the effect of imparting relative rigidity to the hairs, causing them to uncurl and assume an erect position." The examiner also rejected claims 24 to 27, inclusive, as being inaccurate and unsupported by appellant's specification, stating that in claims 24, 25, and 26 "the proportion of the mixture of wax, petrolatum, and oil is given as 60 parts," whereas the proportion of such mixture in appellant's specification was stated to be 58.5 parts, and that claim 27 called for one part of a carrier material and about 2 parts of a mixture of oils and waxes, whereas appellant's specification disclosed one part of carrier material to 1.7 parts of a mixture of oils and waxes.

The Board of Appeals did not refer in its decision to the Primary Examiner's rejection of claims 24 to 27, inclusive, on the ground that they were inaccurate and unsupported by appellant's application. The board affirmed the examiner's rejection of the appealed claims, however, on the ground that they were unpatentable over the prior art. In so doing, the board said: "The examiner has shown wherein the several citations disclose that each of the several ingredients has been used in this type of composition and for the function attributed by applicant. It happens as might be expected in an association of seven of these ingredients that all of them might not be found previously used in one mixture and by one citation. However, upon careful consideration of the record, we are not convinced that the present case constitutes any exception in the way of producing a new or unobvious result by special or critical cooperation of any two or more of the several ingredients. The result seems clearly to be only the sum of and expected result of employing the several members each with its known result as disclosed by the prior art. It is our opinion that the situation falls within the rule stated in Ex parte Walker, 1923 C.D. 39; In re Tratner, 1929 C.D. 158; 58 App.D.C. 355, 30 F.2d 879."

It is contended here by counsel for appellant that the preparations of the prior art are not capable of obtaining results such as those obtained by appellant's preparation; that the prior art does not suggest appellant's preparation or the results obtained thereby; that appellant's preparation *"acually imparts added stiffness and rigidity to the hairs and causes them to uncurl and assume a substantially perpendicular position relative to the face,"* whereas the preparations of the prior art are incapable of producing that result; that appellant's preparation differs from the prior art shaving preparations which contain astringents, in that astringents "only tend to *check the flow* of blood *after* the same has started to flow," whereas the ichthyol in appellant's preparation prevents bleeding "by causing the blood to withdraw from the surface of the skin before the razor or other cutting element is first applied to the skin"; and that in the "soap preparations of the references wherein ichthyol is included as an ingredient, whatever useful purpose the ichthyol would serve would be entirely different from the purpose it serves in ap-pellant's preparation, and appellant obtains his result only when the ichthyol is *applied to the skin* in this fashion, in connection with the other ingredients, without the addition of water." (Italics quoted.)

The record contains a letter, dated November 26, 1941, from counsel for appellant, addressed to the Commissioner of Patents, in response to the action of the Primary Examiner of October 1, 1941, wherein it is stated, inter alia: "It is true and freely admitted that all the individual constituents of applicant's preparation are old and well known in the chemical field generally, and in cosmetics particularly, even as well as water is known, and that they have been freely used in many chemical inventions in which patents were issued. Nevertheless, the preparation constituting applicant's invention accomplishes results which are entirely new in the art, and it is *also important to note that no preparation* of the disclosures of record *suggest* any of applicant's results." (Italics quoted.)

Counsel for appellant does not contend here that the fact that appellant's preparation is in the form of a solid stick adds patentability to the appealed claims. Claim 25 is the only claim which calls for appellant's preparation being in the form of a solid stick. Furthermore, it appears from appellant's application that ichthyol in the same proportions as set forth in the appealed claims is effective to prevent bleeding when used in preparations having the consistency of so-called "brushless shaving creams."

We find nothing in appellant's application to indicate that the paraffine, petrolatum, stearic acid, triethanolamine, lanolin, and castor oil perform any function in appellant's preparation different from that performed by each of them in the prior art disclosures, nor is there anything in appellant's application to indicate that the proportions set forth in the appealed claims are critical. The ingredient, ichthyol, used in appellant's preparation is disclosed in the references as being an antiseptic and an astringent. Furthermore, its quality of exerting a vasoconstrictor action (constriction of the blood vessels) was well known at the time appellant filed his involved application, as disclosed in the reference Merck's Index, and it is the vasoconstrictor action of the ichthyol in appellant's preparation which, in the event the skin is cut during the shaving operation, prevents bleeding.

We have given careful consideration to the arguments presented here by counsel for appellant, but are of opinion, as was the Board of Appeals, that each of the ingredients in appellant's preparation, as disclosed by the prior art cited, has well-known properties, and that the combining of those ingredients in appellant's preparation produced no unexpected results. On the contrary, each of those ingredients functions in appellant's preparation precisely as was to be expected from the teachings of the cited prior art.

We are of opinion, for the reasons stated, that the appealed claims are not patentable, and that the tribunals of the Patent Office were right in rejecting them.

The decision of the Board of Appeals is affirmed.

Affirmed.