RUDD v. KINGSLAND, Commissioner
of Patents.
C. A. 2663–49.

United States District Court
District of Columbia.
Jan. 16, 1951.

A. Yates Dowell, Sol Shappirio, Washington, D. C., for plaintiff.

E. L. Reynolds, Washington, D. C., and C. W. Moore, Washington, D. C., for defendant.

PINE, District Judge.

This is an action under 35 U.S.C.A. § 63, R.S. 4915, to authorize the Commissioner of Patents to issue letters patent.

At the hearing plaintiff announced that he relied on three claims, namely 3, 5, and 7. They are drawn to a medicinal preparation for external application and the method of making it. It is intended for treatment of abrasions, bruises, and sores. It is obtained by dropping sulphuric acid into an agitated mixture of cod liver oil, turpentine, and oil of bergamot and then filtering the solution to obtain the filtrate. It is alleged that the composition contains a skin food substance.

The prior art discloses a linament for cuts, bruises, and burns produced by reacting a mixture of linseed oil and turpentine with sulphuric acid. The prior art also shows the reputed value of cod liver oil in "feeding the skin." At the hearing it was admitted that the function of the oil of bergamot was to perfume the substance. It was also shown that linseed oil and cod liver oil both come within the classification of fixed oils, and in that respect are equivalent, but that the former is a drying oil and the latter a non-drying oil, and the chemical reaction of the two oils with the acid is different. However, there is no showing that the pharmaceutical properties of the resulting products are different, or that the composition as disclosed by plaintiff has properties beyond those of its ingredients. It is not invention to combine old ingredients of known properties where the result possesses no more than the additive effect of the ingredients. Ex parte

Walker, 1923 C.D. 39; In re Trattner, 1929, 58 App.D.C. 355, 30 F.2d 879, 1929 C.D. 158; In re Sussman, 1943, 136 F.2d 715, 30 C.C.P.A., Patents, 1107, 1943 C.D. 518.

As to the process claims, plaintiff teaches filtration and gives proportions of the ingredients used. The prior art teaches decantation and different proportions. Filtration is an obvious alternative to decantation, and selection of proportions is not invention.

There was also a failure of adequate proof of therapeutic utility. There are in the record two testimonials of users that they were cured of their ailments after using the preparation, but nothing to establish that the cures would not have taken place independently by the passage of time, and the affidavits of two physicians, one of which is simply hearsay and the other a vague statement that the preparation has some merit. This is insufficient. In re Oberweger, 1940, 115 F.2d 826, 28 C.C.P.A., Patents, 749. Cf. Federal Trade Commission v. Kay, 7 Cir., 1929, 35 F.2d 160.

The claims were therefore properly rejected, and the action will be dismissed. Counsel will submit findings and judgment.